Filed 8/10/22  City of Citrus Heights v. Ho CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| CITY OF CITRUS HEIGHTS, | C094299 |
| Plaintiff and Respondent, | (Super. Ct. No. 34-2021-00292266-CU-PT-GDS) |
| v. | |
| PETER Y. HO, | |
| Defendant and Appellant. | |

After receiving a number of neighbor complaints, conducting an inspection pursuant to a warrant, and failing to obtain defendant homeowner Peter Ho's compliance with a notice to abate, plaintiff City of Citrus Heights (Citrus Heights) filed a petition for an order to abate a public nuisance at defendant's residence and for the appointment of a receiver.  The trial court granted the petition and appointed a receiver despite defendant's claim that he had not been personally served with the summons and petition.

1

Defendant, in propria persona, appeals, contending: (1) he was not personally served with the summons and petition and representations that he was properly served were "fraudulent," (2) he was deprived of his due process rights to notice, an opportunity to be heard, and a decision by an impartial decisionmaker, based largely on the trial court's refusal to consider his answer, and (3) the trial court improperly declined to consider certain of his filings and he was not properly served with certain of Citrus Heights's filings.

Defendant has not established the trial court improperly concluded he was personally served with the summons and petition. The record does not support defendant's contention that the trial court deprived him of his due process rights. Defendant has also not established reversible error in connection with service and consideration of specified filings. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### *The Petition*

On January 12, 2021, Citrus Heights filed in the Sacramento Superior Court a petition for an order to abate a public nuisance at defendant's residence and for the appointment of a receiver pursuant to subdivision (c) of Health and Safety Code section 17980.7.[1] According to the petition, City of Citrus Heights Code Enforcement (Code Enforcement) had received complaints dating to 2014 from defendant's neighbors about his property. The nature of the complaints included "hoarding behavior by [defendant], specifically the large accumulation of trash and debris in plain view of the public that has raised health and safety concerns from members of the community."

Almost a year earlier, on January 14, 2020, after receiving complaints from neighbors about the accumulation of trash and debris in plain view of the public at

---

[1] Further undesignated statutory references are to the Health and Safety Code.

2

defendant's residence, Code Enforcement Officer Ken Aiello performed an inspection of the exterior of the property. He also reported to defendant that there had been such complaints. Finding the property to be in violation of specified code sections, Aiello issued a notice to abate, setting February 3, 2020, as the date for compliance.

On or about February 5, 2020, following a return inspection, it was determined that defendant's property was still in violation of law. Aiello issued a notice of violation, setting February 24, 2020, as the new date for compliance.

On February 18, 2020, Aiello received a new complaint from a neighbor concerning the accumulation of trash and debris in the rear of defendant's property. On February 24, 2020, Aiello inspected the exterior of the property. He saw the interior as well when defendant opened the front door. Several areas of the exterior of the property were "completely filled" with junk and debris, and the interior was in similar condition to the exterior.

In April 2020, photographs from a complaining neighbor demonstrated there had been no change in the condition of defendant's property, and, in May 2020, another inspection by Aiello confirmed as much. On September 1, 2020, Aiello reinspected the property, again determining there had been no change. Aiello requested that defendant consent to an inspection of the interior of the property, but defendant declined. Defendant sent Aiello a number of e-mails, characterizing Citrus Heights's actions as " 'invalid,' " " 'fraudulent,' " " 'abusive harassment,' " and " 'fraud and abuse.' "

Concluding any further efforts to gain defendant's compliance would be futile, Aiello obtained an inspection warrant. He executed the warrant on October 29, 2020, identifying 29 health and safety violations. Aiello determined the property was unsafe and unfit for human habitation due to hazardous and unsanitary conditions. Therefore, Aiello issued a "red tag" code enforcement notice (see §§ 17920.3, 17980.6, 17980.7), rendering it unlawful to enter or occupy the property. The front door of the property was

3

secured and the red tag notice was posted on the property. However, defendant removed the notice, forcibly entered the property, and continued to reside there.

Citrus Heights issued a notice to abate pursuant to section 17980.6 on December 8, 2020. The notice specified that failure to comply by the deadline would result in Citrus Heights taking action to ensure the property was brought into compliance, including the possibility of the appointment of a receiver.

Code Enforcement's attempts to obtain defendant's voluntary compliance, were to no avail. According to Citrus Heights, defendant made no attempt to abate the nuisance and did not take any action to demonstrate he intended to do so.

The petition asserted the property posed a clear and imminent threat to the health, safety, and life of any occupants and the community. The petition further stated that, as Citrus Heights had exhausted all other available code enforcement tools, it had no alternative but to seek court intervention, including the appointment of a receiver pursuant to sections 17980.6 and 17980.7.

The petition was supported by, among other things, a declaration of Aiello with exhibits, including photographs taken on October 29, 2020, when he conducted his inspection pursuant to the inspection warrant.

### *Defendant's First Response*

Defendant filed what he denominated a "response" to the petition on February 26, 2021. He asserted he had not been personally served. Instead, the summons and petition had been placed on the windshield of his car in his driveway on February 24, 2021. Defendant requested the proceeding be dismissed or, in the alternative, that he be served properly before further action was taken. As to the merits, defendant asserted the petition's allegations were "largely frivolous or false." He asserted Citrus Heights had "acted wrongfully, unfairly, and unlawfully. Therefore, there is cause to disallow much of petitioner's claims."

4

### *Proof of Service and Removal from Calendar*

On March 2, 2021, Citrus Heights filed proof of service of the summons and petition. According to the proof of service, Lisa Knowland of Ace Attorney Service, Inc., served defendant with the summons and petition and additional documents by personal service at 3:30 p.m. on February 23, 2021, by personally delivering the documents to him at his residence.

On March 3, 2021, the original hearing date, the trial court stated it found no proof of service of the petition and notice of hearing. Thus, it appears the trial court had not yet received the proof of service filed the previous day. The court dropped the matter from the calendar due to defective service.

### *New Hearing Date and Proof of Service*

Citrus Heights filed a notice of hearing with a new hearing date of March 16, 2021. Citrus Heights filed proof of service of the notice of the new hearing date by overnight mail and by posting at the property by Aiello. Both forms of service were effected on March 10, 2021.

In a declaration filed on March 10, 2021, Attorney Amanda Pope stated that, after the court filed the original notice of hearing with the hearing date set for March 3, 2021, she directed a process server to begin attempting personal service of the petition on defendant. Based on Citrus Heights's previous experiences with defendant, Pope "knew attempting service of process would be difficult and time consuming." He had previously refused to open his door for Code Enforcement, and Pope expected he would react similarly to a process server. Pope stated that, "[a]fter several attempts and authorizing extended service of process efforts between February 4, 2021 and February 23, 2021, the

Summons and Petition were eventually served upon [defendant] by personal service on February 23, 2021."[2]

### Defendant's Second Response

In a second response, filed March 15, 2021, defendant again asserted proper service was not performed. Apparently referring to the notice of the new hearing date, defendant stated he did not receive the papers posted by Aiello until March 13, 2021. Therefore, he stated he could not file a response until March 15, 2021. Defendant asserted this "process service is improper, and therefore the Hearing request (scheduled) on March 16, 2021 is improper and should not be allowed. Proper service requires that it be served, in person to person, by someone who is not a party to the lawsuit." Defendant then reiterated that the summons and petition had not been properly served and reproduced a portion of his first response. Defendant asserted service should be performed so as to afford him reasonable time to respond. Defendant requested a continuance of at least 30 days. Addressing the merits, defendant asserted the claims in the petition that his residence was uninhabitable and a nuisance were "unequivocally false."

### Continuance and Service of Responses

On March 16, 2021, on its own motion, the trial court continued the matter to April 14, 2021. Observing that defendant's February 26, 2021, response did not include proof of service, the court directed defendant to serve his response on Citrus Heights. Defendant subsequently filed proof of service of both of his responses.

---

**2** Pope's declaration is unsigned. We offer the foregoing as background for certain of defendant's contentions, but otherwise do not consider Pope's unsigned declaration. (See Code Civ. Proc., § 2015.5 [sworn statements and statements made under penalty of perjury].)

## *Citrus Heights's Reply*

In reply, Citrus Heights asserted defendant acknowledged receipt of the summons and petition and all relevant documents. Because defendant had not provided any basis to rebut the petition's allegations, Citrus Heights urged the petition be granted.

Citing Code of Civil Procedure section 1014, Citrus Heights further asserted defendant had made a general appearance in these proceedings.[3] According to Citrus Heights, because defendant had made a general appearance, the trial court should deny defendant's request that the proceeding be dismissed.

In a declaration, Robert Wakefield, another attorney for Citrus Heights, quoted e-mails from process servers Ace Attorney Service, Inc., describing attempts to serve defendant with the summons and petition. A process server attempted service on February 4, 5, and 11, 2021. In each instance, a vehicle was parked in defendant's driveway but no one answered the door. On the first occasion, a neighbor said defendant was inside but that defendant never answered the door for anyone. On the second occasion, someone yelled through the door of defendant's house that defendant was not home and to come back the next day. On the third occasion, the process server heard movement inside, but there was no answer. Wakefield stated he believed defendant was properly served with the summons and petition on February 23, 2021, as demonstrated by the Knowland proof of service, which was an exhibit to Wakefield's declaration.

---

[3]    Code of Civil Procedure section 1014 provides, in part: "A defendant appears in an action when the defendant answers, demurs, files a notice of motion to strike, files a notice of motion to transfer pursuant to Section 396b, moves for reclassification pursuant to Section 403.040, gives the plaintiff written notice of appearance, or when an attorney gives notice of appearance for the defendant." This statutory list of acts constituting an appearance "is not exclusive." (*Hamilton v. Asbestos Corp.* (2000) 22 Cal.4th 1127, 1147.)

### *Defendant's Answer*

Defendant filed an answer on April 12, 2021, with exhibits. As with the initial filing of his two earlier responses, defendant did not include a proof of service with his answer.

### *The Trial Court's Ruling*

In its tentative ruling, the trial court first stated it would not consider defendant's April 12, 2021, answer, as it was untimely, failed to include a proof of service, and failed to include a declaration under penalty of perjury. The court noted defendant had already filed two responses.

Citing to the Knowland proof of service, the court stated that Citrus Heights personally served the petition on defendant on February 23, 2021. The court further stated the petition indicated it was also sent by first-class mail as required by section 17980.7, subdivision (c).[4]

The court stated that, pursuant to section 17990, a response to such a petition must be filed within 10 days after service of the summons.[5] Defendant filed his initial response on February 26, 2021, objecting to service of the summons and petition on the ground that they were not personally served on him, but instead were left on his vehicle's windshield on February 24, 2021, and on the ground that he lacked sufficient time to respond. However, the court stated that defendant failed to include a declaration under penalty of perjury attesting to these facts. Further, the court noted the process server

---

[4] The petition states that, "[p]rior to filing this Petition, [Citrus Heights] served all Respondents with a Notice of Intent to File a Petition and Request for Hearing for Order to Abate Substandard Building and Appointment of Receiver pursuant to . . . section 17980.7[, subdivision ](c)."

[5] Section 17990 provides: "The time to file a written pleading in response to a summons in an action brought pursuant to this article is 10 days."

8

declared, under penalty of perjury, that she personally served defendant at 3:30 p.m. on February 23, 2021.

The court addressed defendant's assertion the March 10, 2021, service date of the notice of the new March 16 hearing date did not provide him with sufficient time to respond and that service was improper because he was not personally served. The court stated defendant was "mistaken in that he conflates the service of summons and Petition with the notice of hearing." The court explained the notice of hearing need not be personally served; section 17980.7, subdivision (c) only required that the petition be personally served.

The court stated that defendant's response was due on March 5, 2021, 10 days after defendant was personally served with the summons and petition (§ 17990), and Citrus Heights's service of the notice of hearing had no effect on defendant's time within which to respond to the petition. The new notice of hearing, in other words, did not "re-set the clock" on defendant's time to respond to the petition. The court denied defendant's request for a continuance.

In the absence of a timely substantive response to the petition served on Citrus Heights and including a signed declaration, the court deemed the petition to be unopposed. After considering Aiello's declaration and the evidence submitted by Citrus Heights in support of the petition, the court concluded that Citrus Heights presented sufficient evidence to demonstrate the violations at defendant's property were " 'so extensive and of such a nature that the health and safety of residents or the public is substantially endangered.' " The court further found defendant had failed to correct the violations. The court granted the petition and appointed a receiver.

On April 14, 2021, the matter was argued and submitted. The trial court confirmed its tentative ruling. The court signed and issued a written order appointing a receiver on April 15, 2021.

9

*Post-order Developments in the Trial Court*

On May 6, 2021, defendant filed a motion to vacate the order appointing a receiver. Wakefield filed a declaration on June 1, 2021, stating defendant had not served his office with the motion to vacate.

On June 7, 2021, defendant filed a notice of appeal from the order appointing a receiver. (Code Civ. Proc., § 904.1, subd. (a)(7).)

On June 15, 2021, the court dropped the motion to vacate from its calendar because there was no proof of service of the motion on Citrus Heights, depriving it of jurisdiction. (See *Lee v. Placer Title Co.* (1994) 28 Cal.App.4th 503, 509 [failure to comply with statutory requirements for service by mail deprives court of jurisdiction to act]; Code Civ. Proc., §§ 1005 [time for service of motion papers], 1005.5 [motion deemed pending before court upon service and filing]; Cal. Rules of Court, rule 3.1300 [service and filing of motions and time for filing proof of service].)[6]

## DISCUSSION

At the outset of our discussion, we are compelled to note that, as a self-represented litigant, defendant "is entitled to the same but no greater consideration than other litigants." (*County of Sacramento v. Rawat* (2021) 65 Cal.App.5th 858, 861 (*County of Sacramento*).) "Accordingly, he must follow the rules of appellate procedure." (*Ibid.*)

---

[6] In addition to lack of service, " '[g]enerally the filing of a notice of appeal deprives the trial court of jurisdiction of the cause and vests jurisdiction with the appellate court until the reviewing court issues a remittitur.' " (*Blizzard Energy, Inc. v. Schaefers* (2021) 71 Cal.App.5th 832, 842.) By the time the trial court dropped the matter from its calendar, jurisdiction had vested in this court as to *review* of the order appointing a receiver (*ibid.*; Code Civ. Proc., § 916 [except as otherwise provided, perfecting an appeal stays proceedings in trial court upon the judgment or order appealed from or upon matters embraced therein or affected thereby]), although *enforcement* of that order was not stayed in the absence of an undertaking (Code Civ. Proc., § 917.5 [perfecting an appeal shall not stay enforcement of judgment or order appointing a receiver unless an undertaking is posted]).

"Those rules require an appellate brief to support each point by argument and, if possible, by citation to authority and to provide a citation to the record for a factual assertion." (*Ibid.*, citing Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).) " '[W]e may disregard factual contentions that are not supported by citations to the record [citation] or are based on information that is outside the record [citation]. We may disregard legal arguments that are not supported by citations to legal authority [citation] or are conclusory.' " (*County of Sacramento*, at p. 861.) "Further, we may treat a point that is not supported by cogent legal argument as forfeited." (*Ibid.*)

# I

### *Personal Service of the Summons and Petition*

The heading of defendant's first argument, his principal argument on appeal, states: "Service of Summons was Fraudulent." He denies being personally served. Instead, he claims he found the summons and petition on his car windshield in his driveway on February 24, 2021, and he reported service was improper in his first response filed on February 26, 2021. According to defendant, in addition to being "fraudulent," the representation that the summons and petition were personally served on him on February 23, 2021, was "untrue" and "definitely false." He also appears to assert that the claims of proper service are not supported by sufficient detail.

Subdivision (c) of section 17980.7 provides: "The enforcement agency . . . may seek and the court may order, the appointment of a receiver for the substandard building pursuant to this subdivision. In its petition to the court, the enforcement agency . . . shall include proof that notice of the petition was posted in a prominent place on the substandard building and mailed first-class mail to all persons with a recorded interest in the real property upon which the substandard building exists not less than three days prior to filing the petition. The petition shall be served on the owner pursuant to Article 3 (commencing with Section 415.10) of Chapter 4 of Title 5 of Part 2 of the Code of Civil Procedure." Section 415.10 of the Code of Civil Procedure provides, in pertinent part:

11

"A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery."

We review a trial court's factual findings underlying a determination that a summons and pleading were properly served for substantial evidence. (See *Stafford v. Mach* (1998) 64 Cal.App.4th 1174, 1182.) "Substantial evidence is evidence 'of ponderable legal significance, . . . reasonable in nature, credible, and of solid value.' " (*Picerne Construction Corp. v. Castellino Villas* (2016) 244 Cal.App.4th 1201, 1208.) " 'Substantial evidence . . . is not synonymous with "any" evidence.' Instead, it is ' " 'substantial' proof of the essentials which the law requires." ' " (*Roddenberry v. Roddenberry* (1996) 44 Cal.App.4th 634, 651.)

According to the proof of service, Lisa Knowland of Ace Attorney Service, Inc., served defendant at 3:30 p.m. on February 23, 2021, by personally delivering the summons, petition, and additional documents to him at his home address. Citrus Heights filed this proof of service with the court. In the proof of service, Knowland declared, under penalty of perjury, that the representations in the proof of service were true and correct.

The filing of a statutorily compliant proof of service may create a rebuttable presumption that service was proper. (Evid. Code, § 647; see *Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1441-1442; see also Evid. Code, § 604 [effect of a presumption affecting the burden of producing evidence].) However, the rebuttable presumption applies where the return is furnished by a registered process server. (Evid. Code, § 647.) Here, the proof of service indicates Knowland was not a registered California process server. As such, Citrus Heights is not entitled to a presumption that service was proper. However, the fact that Knowland was not a registered process server does not itself render service invalid or establish that her proof of service is not to be considered. "There is no requirement that the person serving

12

notices or a summons must be a registered process server . . . . A summons may be served by any person who is at least 18 years of age and not a party to the action." (*City of Riverside v. Horspool* (2014) 223 Cal.App.4th 670, 680, citing Code Civ. Proc., § 414.10.) Failure to effect service in such a manner as to give rise to the statutory presumption in Evidence Code section 647 does not render service defective, as that presumption "does not mean that other forms of service or notice are invalid." (*City of Riverside*, at p. 680.)

In addition to Knowland's proof of service, Wakefield furnished a declaration in which he quoted e-mails from process servers Ace Attorney Service, Inc., describing three prior unsuccessful attempts to serve defendant with the summons and petition. He then stated: "I am informed and believe that [defendant] was properly served with the summons and petition, and all other relevant court documents on February 23, 2021."

Additionally, the petition states that Citrus Heights served defendant with a notice of intent to file a petition and request for a hearing on an order to abate and appointment of a receiver pursuant to section 17980.7, subdivision (c). In a declaration, Lois Moy, a paralegal, stated that section 17980.7, subdivision (c) required that notice be posted on the subject property and mailed by first-class mail to all persons with a recorded interest in the property. Exhibit 4 to Moy's declaration consisted of two proofs of service, one of the posting of the notice at the property, and the other of the mailing of that notice to defendant.

Knowland's proof of service and Wakefield's declaration, both executed under penalty of perjury, constituted *some evidence* of proper service of the summons and petition. Moreover, nothing on the face of the proof of service suggests that it is invalid or should not be credited. Relatedly, the Moy declaration and the proofs of service demonstrated that the notice of intent to file a petition and request a hearing for an order to abate and appointment of a receiver was mailed and posted in compliance with section 17980.7.

13

In the trial court, defendant filed a response on February 26, 2021, in which he asserted he was not personally served with the summons and petition. He asserted he found it on his car windshield on February 24, 2021. However, defendant's response was not supported by a declaration or any evidence whatsoever.

Defendant filed a second response, in which he addressed service of the notice of the new hearing date. He addressed service of the summons and petition by quoting from his first response. The second response was also not supported by a declaration or any evidence relevant to the service of the summons and petition, although defendant did attach photographs relevant to service of the notice of the new hearing date.

Citrus Heights's filings, while not giving rise to a presumption of proper service of the summons and petition (see Evid. Code, § 647), constituted evidence that it properly served defendant. Defendant in his responses claimed he was not personally served with the summons and petition. However, his responses included no declarations or any proof to support his claims. Defendant submitted no evidence whatsoever to support his claim he was not properly served. We conclude substantial evidence supports the trial court's determination that Citrus Heights established it properly served defendant.

In his briefing on appeal, defendant's contentions that he was not properly served largely consist of factual assertions with no citation to the record and unsupported by evidence in the record. (See *County of Sacramento, supra*, 65 Cal.App.5th at p. 861; Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).) " 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "It is the appellant's burden to demonstrate the existence of reversible error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 766 (*Del Real*).) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and

14

citations to facts in the record that support the claim of error. [Citations.] When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' [Citations.] Hence, conclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) Defendant's insistence that he was not properly served, based in part on numerous factual representations and arguments unsupported by citations to the record or evidence in the record, are insufficient to support a claim of error. (*Ibid.*)

Defendant also points to matters contained in Citrus Heights's filings as supporting his contention that he was not personally served. Among other things, he characterizes the high cost billed for service as "suspicious." He emphasizes that the notice of the new hearing date was left on his car windshield, consistent with where he claims to have found the summons and petition. He asserts the declaration of Pope, in which she set forth why she anticipated it would be difficult to personally serve defendant, constituted evidence that Citrus Heights did not personally serve him.[7] He also asserts that representations in Wakefield's description of attempted service on him, that a man in the house yelled that the process server should come back the next day because defendant was not home, were lies because there were no other residents in his home. We conclude that these facts in Citrus Heights's filings are not sufficient to undermine Citrus Heights's showing that defendant was properly served and to satisfy defendant's burden of establishing reversible error. (See generally *Del Real, supra*, 95 Cal.App.4th at p. 766.)

We conclude defendant has failed to establish any basis for disturbing the trial court's determination that he was properly served with the summons and petition. In

---

[7] See footnote 2, *ante*.

15

light of our determination, we need not address Citrus Heights's contention that defendant made a general appearance, thereby effectively consenting to jurisdiction.

## II

### *Due Process*

Under his second argument heading, "Lack of Due Process - No Notice, Not Heard," defendant asserts he was deprived of his due process rights to notice, an opportunity to be heard, and a decision by a neutral decisionmaker.

"Both the federal and state Constitutions compel the government to afford persons due process before depriving them of any property interest." (*Today's Fresh Start, Inc. v. Los Angeles County Office of Education* (2013) 57 Cal.4th 197, 212.) "At its core, due process entitles a person to notice and the opportunity to be heard before a neutral decision maker." (*Kwan Software Engineering, Inc. v. Hennings* (2020) 58 Cal.App.5th 57, 82, citing *Today's Fresh Start, Inc.*, at p. 212.)

In his due process argument, defendant largely emphasizes his contention that the trial court improperly refused to consider his answer. Under section 17990, defendant had 10 days to file a written pleading in response to the summons and petition. Given defendant was personally served on February 23, 2021, defendant had until March 5, 2021, to file his responsive pleading. He filed his answer on April 12, 2021, 38 days after that deadline. Under section 17990, the trial court did not improperly decline to consider defendant's answer which, it appears on this record, was not served on Citrus Heights and was not accompanied by a signed declaration. We conclude the trial court did not deprive defendant of his due process rights by declining to consider his untimely answer.[8]

---

[8] We note defendant's second response was filed on March 15, 2021, also after the March 5 deadline. Whether the second response is considered or excluded does not affect our determinations.

16

In addition, defendant's contentions also relate to the April 14, 2021, hearing and the trial court's determinations at that hearing, although it appears these contentions, too, largely relate to the court's determination not to consider defendant's answer. In any event, "[i]t is well settled, of course, that a party challenging a judgment has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." (*Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9.) "If an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings in the form of one of the following: [¶] (1) A reporter's transcript under rule 8.130; [¶] (2) An agreed statement under rule 8.134; or [¶] (3) A settled statement under rule 8.137." (Cal. Rules of Court, rule 8.120(b).) As stated in his amended notice designating the record on appeal, defendant has elected to proceed without a record of the oral proceedings in the trial court. In the absence of a reporter's transcript or other record of the oral proceedings before the trial court, the appeal is treated as "an appeal on the judgment roll." (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082; *id.* at pp. 1082-1083.) On such an appeal, "we ' "must conclusively presume that the evidence is ample to sustain the [trial court's] findings," ' " and our "review is limited to determining whether any error 'appears on the face of the record.' " (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324-325.)

Having reviewed the record, we conclude defendant has not satisfied his burden of establishing error. Nothing in the record demonstrates that the trial court deprived defendant of his due process rights to notice, an opportunity to be heard, and a decision by an impartial decisionmaker. To the extent defendant's due process argument is that the trial court improperly declined to consider his answer at the hearing, as stated *ante*, defendant's answer was not timely under section 17990 and, on this record, it was neither

served on Citrus Heights nor accompanied by a signed declaration. Moreover, defendant offers no legal analysis or citation to authority on this point. (See *In re S.C., supra*, 138 Cal.App.4th at p. 408.) The court analyzed the issue of service of process, including defendant's contentions, and concluded, as have we, that service was properly effected on defendant, and that his answer was due within 10 days. The court considered whether defendant had sufficient time to respond to the petition and determined that he did. The court considered the allegations in the petition and the supporting documentation, applied the applicable law, and determined that Citrus Heights satisfied its burden on the petition. No due process violation " 'appears on the face of the record.' "[9] (*Nielsen v. Gibson, supra*, 178 Cal.App.4th at pp. 324-325.)

## III

### *Service of Citrus Heights's Papers and Consideration of Defendant's Papers*

Under his third argument heading, "Not Served Important Filings," defendant appears to contend the proof of service executed by Knowland was not served on him by

---

[9]  In its respondent's brief, Citrus Heights includes an argument addressed to the merits of whether the trial court abused its discretion in appointing a receiver and whether that determination was supported by substantial evidence. However, defendant does not make an argument in his opening brief addressed to these merits under a separate heading or subheading supported by argument, citation to facts in the record, and citation to authority. (See Cal. Rules of Court, rule 8.204(a)(1)(B); *In re S.C., supra*, 138 Cal.App.4th at p. 408.) " 'We are not bound to develop appellants' arguments for them.' " (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.)

While defendant in his reply brief responded to representations in the respondent's brief, if he intended to challenge the merits of the trial court's determination to grant the petition and appoint a receiver and whether that determination was supported by substantial evidence, he should have done so in his opening brief. Points raised for the first time in the reply brief " ' "will not be considered, unless good reason is shown for failure to present them before." ' " (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764, quoting *Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8; accord, *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.)

mail. Defendant further appears to claim prejudice in that he was not given notice Citrus Heights was "making this filing and claim," and that, had he "been served and notified, [he] would have immediately informed the court of claim being false and a lie." The record indicates the proof of service, as an exhibit to the Wakefield declaration, was served on defendant by overnight delivery on April 1, 2021. It was part of the court file as of March 2, 2021. In any event, defendant cites to nothing in the record to support his claim that he was never served with the proof of service. (See *Del Real, supra*, 95 Cal.App.4th at p. 766 ["It is the appellant's burden to demonstrate the existence of reversible error."].) As for prejudice, he argued in his first response that he was not properly served with the summons and petition. Even assuming he had not received the proof of service, this did not prevent him from executing a declaration under penalty of perjury stating he had not been personally served, that he found the summons and petition on his car on February 24, 2021, and submitting that declaration to the court prior to March 5, 2021. He did not do so.

Additionally, defendant asserts he was not properly served with the declaration of Pope. Pope's declaration, insofar as relevant to the issue of service, was largely duplicative of Wakefield's declaration. We have not considered Pope's declaration, as it was not signed.[10] There is no indication that the trial court considered Pope's declaration; although it cited the Aiello, Moy, and Wakefield declarations in its ruling, it did not cite the Pope declaration. Defendant has not met his burden of establishing reversible error (see *Del Real, supra*, 95 Cal.App.4th at p. 766) based on his allegation that Citrus Heights failed to serve him with the Pope declaration.

---

[10] See footnote 2, *ante*.

19

## DISPOSITION

The order appointing a receiver is affirmed. Citrus Heights shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

/s/
HOCH, J.

We concur:

/s/
DUARTE, Acting P. J.

/s/
EARL, J.